412 A.2d 1376

CASS PLUMBING & HEATING COMPANY, INC.; Louis A. Troiani, Jr., Julius B. Troiani and Reynold D. Troiani, Individually and trading as Troiani Parking; William Jacobowitz and Rifkie Jacobowitz, husband and wife, and William Jacobowitz, Individually and trading as Federal Paint & Hardware Company; Susanna K. Ferris, Louise A. Kirner and Clara Kirner, Individually and trading as Frank H. Kirner; Edwin M. Ginsburg; and Market Rug Company, Petitioners,

v.

PPG INDUSTRIES, INC.; Urban Redevelopment Authority of Pittsburgh; and City of Pittsburgh.

Supreme Court of Pennsylvania.

Argued April 18, 1980.

Decided April 24, 1980.

Thomas J. Dempsey, Pittsburgh, for petitioners.

George R. Specter, Philip Baskin, John O. Wicks, Dante Pellegrini, Asst. City Sol., Pittsburgh, for respondents.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

ORDER

PER CURIAM.

This controversy has not yet reached the stage where the Supreme Court of Pennsylvania should intervene. Hence, the Petition for Extraordinary Relief is denied.

The Application to Review the Order entered by Mr. Justice Larsen on April 11, 1980, is granted and that Order is vacated.

ROBERTS, J., filed a statement.

LARSEN, J., filed a dissenting statement.

FLAHERTY, J., filed a dissenting statement.

ROBERTS, Justice.

It is with the understanding that the issues petitioners present to this Court will be entertained in the Commonwealth Court on the appeals pending there that I agree to this Court's abstention from the exercise of its extraordinary jurisdiction. *See Price v. Philadelphia Parking Authority*, 422 Pa. 317, 221 A.2d 138 (1966); *Crawford v. Redevelopment Authority*, 418 Pa. 549, 211 A.2d 866 (1965).

LARSEN, Justice, dissenting.

I dissent; the plaintiff-property owners have never had their day in court. All attempts by plaintiffs to litigate their various issues have become bogged down in a procedural morass.

Now, while the plaintiffs are faced with the immediate danger of their business community being destroyed, a majority of this Court refuse to maintain the status quo of the situation.

The plaintiffs have asserted facts under oath which have never been legally denied by the defendants. If those facts are presented in court, the defendants, acting in concert and as one, will have been shown to have violated the Sunshine Act, 65 P.S. §§ 261–269 (Supp.1979–80), the Local Agency Law, 2 Pa.C.S.A. §§ 101–754 (Appendix), and to have deprived the plaintiffs of their property without due process of law.

I think we are treading on dangerous ground when we allow, in this country, one person to take another's property for the sole reason that this entity "just wants to have it". A man's home and property used to be his castle. The speed and secrecy with which the defendants acted in "certifying" plaintiffs' business properties as "blighted" indicates the defendants were aware of the problems which I am enunci-

ating here. No government or unit thereof should ever act on behalf of, for and as if it represents a business corporation.

The defendants are now on notice that they act at their own peril. If the plaintiffs prevail in their cause, the defendants will have no room to complain of any remedy or restitution fashioned to right their wrong.

FLAHERTY, Justice, dissenting.

I join with Mr. Justice Larsen conceptually, but I would favor a modification of the subject order in such a fashion that it makes clear that only the status quo is preserved pending the adjudication of this serious issue.